NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2581
_____

ROBIN L. CARTER,
                              Appellant

v.

COMMISSIONER OF SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the District of Delaware
District Court No. 1-07-cv-00816
District Judge: The Honorable Gregory M. Sleet


Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 14, 2013

Before: SMITH, CHAGARES, and BARRY, *Circuit Judges*

(Filed: January 18, 2013)


_____


OPINION
_____


SMITH, *Circuit Judge.*

    Robin Carter appeals from the judgment of the United States District Court

for the District of Delaware, which affirmed the final order of the Commissioner of

Social Security denying Carter's application for supplemental security income (SSI) benefits under Title XVI of the Social Security Act. The District Court exercised jurisdiction under 42 U.S.C. § 405(g). We have jurisdiction under 28 U.S.C. § 1291. Our review is limited. We review to determine whether there is substantial evidence to support the Commissioner's final decision. 42 U.S.C. § 405(g). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). We exercise plenary review with regard to any legal issues. *Hagans v. Comm'r of Soc. Sec.*, 694 F.3d 287, 292 (3d Cir. 2012).

Carter applied for SSI benefits in June of 2004, alleging the onset of disability in March of 2002. After a hearing, the administrative law judge (ALJ) concluded that Carter had several medical impairments that limited her ability to perform basic work activities. These impairments included "osteoarthritis, carpal tunnel syndrome, cervical disc herniation, right shoulder degenerative joint disease, bilateral degenerative joint disease of the knees, degenerative joint disease of the left ankle, chronic obstructive pulmonary disease, dysthymia, borderline intellectual functioning, and a personality disorder." The ALJ determined that the limitations caused by these impairments, though severe, did not meet or equal the criteria of any of the impairments listed in Appendix 1 for which a finding of

disability is presumed. *See* 20 C.F.R. § 416.920(a)(4)(iii) (referencing 20 C.F.R. Part 404, Subpart P, App. 1). Because these limitations precluded Carter from performing her past relevant work, the ALJ heard testimony from a vocational expert regarding the jobs that existed in the national economy for an individual with similar restrictions. After considering the medical evidence of record, as well as the testimony of Carter, her mother, her boyfriend, and the vocational expert, the ALJ determined that Carter was not disabled for purposes of SSI.

Carter sought judicial review of this determination, asserting that the ALJ erred in several respects. The District Court did not find Carter's arguments persuasive and granted summary judgment in favor of the Commissioner. Thereafter, Carter filed a timely motion under Federal Rule of Civil Procedure 59, seeking to alter the judgment. The motion was denied. This timely appeal followed.

Carter's principal contention is that the ALJ failed to accord proper weight to the opinions of her treating physician, Dr. Al-Junaidi, and a consultative psychiatrist, Dr. Chester. She relies on a statement in a progress note dated October 31, 2005 by Dr. Al-Junaidi indicating that she was "unable to work," and the consultative report of Dr. Chester, a psychiatrist, who opined that her current GAF score in November of 2004, as well as during the previous year, was only

45.[1] In Carter's view, both of these opinions support her disability claim and the ALJ erred by failing to explain his reasons for rejecting this medical evidence.

We are mindful that the report of a treating physician "should be accorded great weight," especially when that physician's treatment records or opinion "reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time." *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999) (internal quotation marks and citation omitted). After reviewing the record, we conclude that the ALJ followed this directive, according great weight to Dr. Al-Junaidi's treatment records by finding that Carter was limited to sedentary work with certain postural and environmental limitations. The ALJ appropriately discounted Dr. Al-Junaidi's statement that she was unable to work because his progress notes failed to provide support for that statement. Indeed, Dr. Al-Junaidi documented on several occasions that his physical examination revealed neither atrophy nor weakness of any muscle group. Dr. Al-Junaidi observed that Carter's gait was normal and her joints were intact.

---

[1] GAF is an acronym which refers to an individual's score on the Global Assessment of Functioning Scale. Am. Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders 32 (4th ed. Text Revision 2000). The scale is used to report the "clinician's judgment of the individual's overall level of functioning" in light of his psychological, social and occupational limitations. *Id.* The GAF ratings range from 1 to 100. A score of 45 is indicative of "serious symptoms . . . OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." *Id.* at 34.

We also reject Carter's assertion that the ALJ did not explain his basis for discounting Dr. Chester's opinion, which preceded Carter's affliction with pancreatitis and prompted her to abstain from alcohol. The ALJ credited the medical evidence of Carter's attack of pancreatitis and the evidence that she had ceased drinking, specifically noting that Carter was "not . . . using alcohol." He further found that in the absence of alcohol abuse Carter did not have any "significant functional limitations" as a result of alcohol abuse. This provides a reasoned basis for according less weight to Dr. Chester's medical opinion, which was rendered when Carter was alcohol dependent. *Plummer*, 186 F.3d at 429 (recognizing that contradictory medical evidence may be a basis for an ALJ to conclude that a physician's medical opinion is not controlling). Furthermore, after considering this finding regarding Carter's mental abilities, it is readily apparent why the ALJ did not discuss Carter's GAF scores when she was dependent upon alcohol.

We have considered Carter's other arguments and, substantially for the reasons set forth in the District Court's Memoranda, do not find them persuasive. Moreover, we find no merit in Carter's suggestion that the subsequent award of SSI benefits beginning December 7, 2007, demonstrates that the ALJ erred and that she is entitled to benefits. Without more, the notice of the award fails to establish that the disability determination was based on medical evidence

5

pertaining to the period for which benefits were denied. *See Szubak v. Sec'y of Health and Human Servs.*, 745 F.2d 831, 833 (3d Cir. 1984) (instructing that subsequent evidence must "relate to the time period for which benefits were denied" before it is considered relevant to the claimant's application for disability).

Accordingly, because the final decision of the Commissioner is supported by substantial evidence, we will affirm the judgment of the District Court.